HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Research & Writing Attorney
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
Rachelle_Barbour@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.  Cr. S. 08-294-01 WBS |
| Plaintiff, | ) |
| | ) UNOPPOSED MOTION FOR EARLY |
| v. | ) TERMINATION OF SUPERVISED RELEASE |
| | ) |
| ROBERT MARTINSON, | ) |
| | ) Judge:  Hon. William B. Shubb |
| Defendant. | ) |
| | ) |

I.     INTRODUCTION

Defendant, ROBERT MARTINSON, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  The 3-year term of supervised release began on January 25, 2013.  Mr. Martinson has already completed approximately half of his supervisory term.

Mr. Martinson is being supervised in the Eastern District of California where he lives and works.  Prior to filing this petition, defense counsel provided it to the supervising probation officer and the government.  The probation officer has indicated that Mr. Martinson is in full compliance in all areas of supervision, including making monthly payments on his restitution obligation.  She does not oppose this petition.  First Assistant United States Attorney Phillip Talbert also reviewed this petition and discussed it with the probation officer.  He has authorized defense counsel to inform the Court that the government has no objection to this petition.  A

proposed order is attached for the Court's convenience.

II.  APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  No hearing is requested for this unopposed petition.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release.  The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible.  The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence, family, employment);
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
> 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. no recent evidence of alcohol or drug abuse;
> 7. no recent psychiatric episodes;
> 8. no identifiable risk to the safety of any identifiable victim; and
> 9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug

offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

III. MR. MARTINSON SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Martinson satisfies all the factors set forth for early termination. He has completed all his terms of supervision and has no need for programming or treatment. He has made progressive strides towards payment of his restitution obligation and will continue to do so even after supervision is completed. He had minimal special conditions and has fully complied with all of them. Notably, he has no conditions requiring any sort of programming or counseling, and none has been needed during the course of supervision. Neither his probation officer, nor the government opposes this petition.

Mr. Martinson was convicted of mail fraud in January 2012, for which he received a year and a day in custody. He self-surrendered and served his prison time without incident. His supervision has likewise been without any incident. Mr. Martinson has steady employment, residence, and family life. He is the father of seven children, all of whom live with him and his wife and are successful. His oldest is a college graduate, the second child is a successful college student and football player, the third child is a college student as well, and the younger three are

all in school.  His adopted son is an adult with his own family.  The attached letters of support testify to Mr. Martinson's stability and character.

Terminating Mr. Martinson's supervised release would enable him to better support his family financially.  He is a trucker and will qualify for better routes if he is able to travel freely through California.

As reflected in Mr. Martinson's letter of support from Loretta Hellen, this is not his first criminal conviction.  He was convicted of a serious crime as a juvenile and sent to San Quentin.  This was over thirty years ago and Mr. Martinson has been suffering the consequences ever since.  His experience in the system changed him profoundly and set him on the stable path that he is on today.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Martinson has completed every condition asked of him and has gone far beyond the requirements of his supervision.  He has fully reintegrated into society and is a valued worker, family member, and citizen.  He has achieved stable community reintegration in terms of housing, family, and employment.  He is in full compliance with all terms of supervision.  He had no aggravated role in the offense, no violence or weapons in this offense, and is not using controlled substances.  He has no psychiatric issues.  He enjoys the support of his community.  He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Martinson's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

        Respectfully submitted,

        HEATHER WILLIAMS
        Federal Defender

DATED: July 3, 2014        /s/Rachelle Barbour

        RACHELLE BARBOUR
        Research and Writing Attorney
        _____

O R D E R

Pursuant to 18 U.S.C. § 3583(e)(1), the Court hereby TERMINATES the term of supervised release in this case and discharges Mr. Martinson for the reasons set forth above.

Dated:  July 7, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE